# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 96-21092
Summary Calendar

---

KENNETH B. KARPF, ET AL.,

Plaintiffs,

KENNETH B. KARPF,

Plaintiff-Appellant,

versus

DUNCAN E. WINE; D.E. WINE INVESTMENTS,
INCORPORATED; VINTAGE HOLDING CORPORATION,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-1019)

---

August 15, 1997

Before POLITZ, Chief Judge, KING and SMITH, Circuit Judges.

PER CURIAM:[*]

Kenneth B. Karpf appeals the dismissal with prejudice of his complaint

alleging violations of section 10(b) of the Securities Exchange Act and Securities

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Exchange Commission Rule 10b-5 in connection with the redemption of his stock by Vintage Holding Corporation. The district court dismissed Karpf's claims on the ground that, despite an opportunity to amend, he had failed to plead fraud with the requisite particularity. Karpf also appeals the dismissal without prejudice of his supplemental state law claims for recision, usurpation of corporate opportunity, violation of the Texas Securities Act, and a shareholder derivative action.

One pleading fraud must state with particularity the circumstances constituting the claimed fraud.[1] We consider a Rule 9(b) dismissal of a complaint alleging fraud to be a dismissal for failure to state a claim for which relief can be granted, and we review such dismissal *de novo*, accepting as true all well-pleaded allegations.[2] To state a claim for federal securities fraud, the complainant must allege "(1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) upon which the plaintiff relied; and (5) which proximately caused the plaintiff's injury."[3] Our review of the record and the briefs of the parties persuades that Karpf's complaint fails to allege a claim of federal securities fraud.

---

[1] Fed.R.Civ.P. 9(b).

[2] **Lovelace v. Spectrum Software, Inc.**, 78 F.3d 1015 (5th Cir. 1996).

[3] **Williams v. WMX Technologies, Inc.**, 112 F.3d 175, 177 (5th Cir. 1997); **Tuchman v. DSC Communications Corp.**, 14 F.3d 1061 (5th Cir. 1994).

Karpf does not contend that the district court erred by refusing to exercise supplemental jurisdiction over his state law claims. That issue is deemed abandoned.[4]

AFFIRMED.

---

[4] **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744 (5th Cir. 1987).